Jeffrey L. Cutler (CA Bar No.100639)
email: jcutler@wkclegal.com
Elizabeth Rosenfeld (CA Bar No. 106577)
email: rosenfeld@wkclegal.com
Marie J. Skinner (CA Bar No. 291532)
email: mskinner@wkclegal.com
**WOHLNER KAPLON CUTLER**
**HALFORD & ROSENFELD**
16501 Ventura Boulevard, Suite 304
Encino, CA  91436
Telephone: (818) 501-8030 ext. 322; Facsimile: (818) 501-5306

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - Western Division

| | |
|---|---|
| BOARDS OF TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY WELFARE FUND, THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY PENSION FUND, THE SPRINKLER INDUSTRY SUPPLEMENTAL PENSION FUND, THE INTERNATIONAL TRAINING FUND, THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY METAL TRADES WELFARE FUND, THE NATIONAL FIRE SPRINKLER INDUSTRY PROMOTION FUND, THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY APPRENTICE AND TRAINING FUND, THE PIPING INDUSTRY PROGRESS LABOR-MANAGEMENT COOPERATION COMMITTEE, AND THE SPRINKLER FITTERS LOCAL 709 VACATION FUND,<br><br>                         Plaintiffs,<br>v.<br><br>R & F PLUMBING & FIRE PROTECTION, INC., a California corporation, HAYK SUKAZI aka MIKE SUKAZI, an individual, ALINA TOVMASYAN, an individual, ROBERT DEHNOUSHI, an individual, STELLA DEHNOUSHI, an individual, ALFRED SARKISIAN, an individual, and GAYANE KHUDAVERDYAN, an individual,<br><br>                         Defendants. | CASE NO.<br><br>COMPLAINT<br><br>  1. Breach of Contract;<br><br>  2. Violation of ERISA;<br><br>  3. Specific Performance; and<br><br>  4. Breach of Settlement Agreement and Promissory Note<br><br>[29 U.S.C. §§185, 1132, 1145] |

1 Plaintiffs allege as follows:

2 ## **JURISDICTION**

3    1.    Jurisdiction is conferred upon this court by  the Employee Retirement

4 Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. §§ 1001, et seq.]

5 and  by Section 301(a) of the Labor Management Relations Act of 1947 , as

6 amended (LMRA) [29 U.S.C. §185(a)]. This court has subject matter jurisdiction

7 over the action under ERISA §502 (e)(1) [29 U.S.C. [29 U.S.C. § 1132(e)] and

8 under 28 U.S.C. §§1131 and §1367(a).

9 ## **VENUE**

10    2.    In accordance with ERISA §502(e)(2) [29 U.S.C.§1132(e)(2)], venue

11 is appropriate in the Central District of California as the place where at least one

12 of the plans is administered, the breach took place and in which the Defendants

13 reside or may be found.

14 ## **PARTIES**

15    3.    Plaintiffs are the Boards of Trustees of the National Automatic

16 Sprinkler Industry Welfare Fund, National Automatic Sprinkler Industry Pension

17 Fund, Sprinkler Industry Supplemental Pension Fund, International Training Fund

18 and Metal Trades Welfare Fund (hereinafter "NASI Funds"), employee benefit

19 plans as that term is defined in Section 3(3) of the Employee Retirement Income

20 Security Act ("ERISA") of 1974, 29 U.S.C. § 1002(3).  The NASI Funds are

21 established and maintained according to the provisions of the Restated

22 Agreements and Declarations of Trust establishing the NASI Funds (hereinafter

23 "NASI Trust Agreements") and the Collective Bargaining Agreement between

24 Sprinkler Fitters Local Union No. 709 (hereinafter "the Union") and the

25 Defendant R & F Plumbing & Fire Protection, Inc. (hereinafter "R & F").  The

26 NASI Funds are administered at 8000 Corporate Drive, Landover, Maryland

27 20785.

28

4.      Plaintiff is the Board of Trustees of the National Automatic Sprinkler Industry Apprentice and Training Fund (hereinafter "Apprentice Fund"), an employee benefit plan as that term is defined in Section 3(3) of the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. § 1002(3).  The Apprentice Fund is established and maintained according to the provisions of the Restated Agreement and Declaration of Trust establishing the Apprentice Fund (hereinafter "Apprentice Trust Agreement") and the Collective Bargaining Agreement between the Union and R & F.  The Apprentice Fund is administered at PO Box 1259, Milford, Connecticut 06776.

5.      Plaintiff is the Board of Trustees of the National Automatic Sprinkler Industry Promotion Fund (hereinafter "Industry Promotion Fund"), an employee benefit plan as that term is defined in Section 3(3) of the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. § 1002(3).  The Industry Promotion Fund is established and maintained according to the provisions of the Agreement and Declaration of Trust establishing the Industry Promotion Fund (hereinafter "Industry Promotion Trust Agreement") and the Collective Bargaining Agreement between the Union and R & F.  The Industry Promotion Fund is administered at 514 Progress Drive, Suite A, Linthicum Heights, Maryland 21090.

6.      Plaintiff is the Board of Trustees of the Piping Industry Progress and Education Labor-Management Cooperation Committee (hereinafter "PIPE"), a labor-management cooperation committee established under the authority of Section 6(b) of the Labor-Management Cooperation Act of 1978, 29 U.S.C. §175 (a), and Section 302(c)(9) of the Taft-Hartley Act, 29 U.S.C. §186(c)(9). PIPE is established and maintained according to the provisions of the Piping Industry Progress and Education Labor-Management Cooperation Committee Trust Agreement of the Plumbing and Piping Industry of Southern California (hereinafter "PIPE Trust Agreement") and the Collective Bargaining Agreement between the

1  Union and R&F.  PIPE is administered at 501 Shatto Place, Suite 200, Los
2  Angeles, CA 90020.

3        7.     Plaintiff is the Board of Trustees of the Sprinkler Fitters Local 709
4  Vacation Fund (hereinafter "Vacation Fund"), an employee benefit plan as that
5  term is defined in Section 3(3) of the Employee Retirement Income Security Act
6  ("ERISA") of 1974, 29 U.S.C. § 1002(3).  The Vacation Fund is established and
7  maintained according to the provisions of the Collective Bargaining Agreement
8  between the Union and R & F.  The Vacation Fund is administered at 12140 Rivera
9  Road, Whittier, CA 90606.

10        8.     Plaintiff is informed and believes and thereon alleges that during all
11  times relevant herein, Defendant R & F is a corporation organized and existing under
12  and by virtue of the laws of the state of California, with its principal place of business
13  in the County of Los Angeles, within the jurisdiction of this District. Defendant R&F
14  transacts business in the State of California as a contractor or subcontractor in the
15  sprinkler industry and at all times herein was an "employer in an industry affecting
16  commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management
17  Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11),
18  (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3
19  of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

20        9.     Plaintiffs are informed and believe and thereon allege that during all
21  times relevant herein, Defendants Hayk Sukazi, also known as Mike Sukazi, Alina
22  Tovmasyan, Robert Dehnoushi, Stella Dehnoushi,  Alfred Sarkisian,  and Gayane
23  Khudaverdyan (collectively, "Individual Defendants") are individuals who have and
24  continue to reside within the geographic jurisdiction of this District. Plaintiffs are
25  further informed and believe that each of the Individual Defendants has personally
26  guaranteed and is thereby responsible for the obligations of Defendant R & F to the
27  Plaintiffs asserted herein.

28

10.     This complaint is prosecuted pursuant to the LMRA § 301(a), 29 U.S.C. §185(a), and pursuant to ERISA §§502 and 515, 29 U.S.C. §§1132 and 1145, to enforce the provision of ERISA against an employer engaged in an industry affecting commerce.

## **GENERAL ALLEGATIONS APPLICABLE TO ALL CLAIMS**

11.     Defendant R & F is signatory to a Collective Bargaining Agreement with the Union requiring contributions to the Plaintiff NASI Funds, the Apprentice Fund, the Industry Promotion Fund, PIPE, and the Vacation Fund for each hour of work by employees performing installation of automatic sprinkler systems.

12.     Defendant R & F is bound to the NASI Trust Agreements, the Apprentice Trust Agreement, the Industry Promotion Trust Agreement, and the Vacation Fund Trust Agreement (hereinafter "Trust Agreements").

13.     Defendant R & F is bound to the Guidelines for Participation in the NASI Funds (hereinafter "Guidelines").

14.     Plaintiffs are informed and believe and upon that basis allege that Defendant R & F employed certain employees covered by the Collective Bargaining Agreement between the Union and R & F during the period of October 2015 through the present.

## **NASI Trust Agreement and Guidelines**

15.     Pursuant to the terms of the NASI Trust Agreements, when an employer fails to file the properly completed report forms, in order to determine the amounts due, the NASI Funds are authorized to project the delinquency amount using the following formula:

> . . . The Trustees may project as the amount of the delinquency
> the greater of (a) the average of the monthly payments or reports
> submitted by the Employer for the last three (3) months for which
> payments or reports were submitted, or (b) the average of the
> monthly payments or reports submitted by the Employer for the

last twelve (12) months for which payments or reports were submitted . . .

16.   Pursuant to the NASI Trust Agreements and the Guidelines, an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

(1)   If payment is not received in the Funds Office by the 15th of the month, 10% of the amount is assessed;

(2)   An additional 5% is added if payment is not received in the Funds Office by the last working day of the month in which payment was due; and

(3)   An additional 5% is added if payment is not received by the15th of the month following the month in which payment was due.

17.   Pursuant to the NASI Trust Agreements and the Guidelines, an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall also be obligated to pay the NASI Funds' attorneys' fees, costs and interest at the greater of 12% or the highest rate permitted by law.

**Apprentice Trust Agreement**

18.   Pursuant to the Apprentice Trust Agreement, an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

(1)   10% of the amount due for the month if payment is not received by the due date;

(2)   An additional 5% is added if payment is not received in the Fund Office by the 15th of the month immediately following the due date; and

(3)   An additional 5% is added if payment is not received by the last working day of the month following the

1    month immediately following the due date.

2    19.    Pursuant to the Apprentice Trust Agreement, an employer who fails to

3    pay the amounts required by the Collective Bargaining Agreement on time shall also

4    be obligated to pay the Apprentice Fund's attorneys' fees, costs and interest at the

5    greater of 12% or the highest rate permitted by law.

6                    **Industry Promotion Trust Agreement**

7    20.    Pursuant to the Industry Promotion Trust Agreement, in the event that a

8    lawsuit is filed against a contributing employer, the employer shall be required to pay

9    attorneys' fees and other expenses of litigation, together with interest at the highest

10   rate permitted by the laws of the state where the legal or other proceeding is

11   instituted.

12                        **PIPE Trust Agreement**

13   21.    The PIPE Trust Agreement provides for the assessment of liquidated

14   damages on all contributions owed to PIPE in the amount of $20.00 or 20% of the

15   amount due for the month if payment is not received on the 20th day following the

16   date it was due, whichever is higher.

17   22.    The PIPE Trust Agreement further provides for payment of attorneys'

18   fees, costs, and interest incurred in the collection of unpaid contributions owed to

19   PIPE. Pursuant to the Joint Collection Policy and Procedures for the Southern

20   California Pipe Trades, interest at the greater of 18% or the highest rate permitted by

21   law shall be assessed on all unpaid or delinquent contributions from due date until

22   paid.

23                            **Vacation Fund**

24   23.    The Collective Bargaining Agreement further requires that any

25   employer who fails to pay the amounts required by the Labor Agreement on time to

26   the Vacation Fund shall be obligated to pay a penalty of Fifty Dollars ($50.00) per

27   member, per month on all delinquent contributions owed to the Vacation Fund.

28

24. The Collective Bargaining Agreement further requires that any employer who fails to pay the Vacation Fund contribution amounts required by the Labor Agreement on time shall also be obligated to pay the attorneys' fees and costs incurred by the Vacation Fund.

## FIRST CLAIM FOR RELIEF

### Breach of Contract

25. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 24, inclusive, as though fully set forth herein.

26. Plaintiffs are informed and believe and upon that basis allege that Defendant R & F has employed workers covered by the provisions of the Collective Bargaining Agreement who performed work and labor undertaken by R & F during the time the Collective Bargaining Agreement was in full force and effect.

27. Plaintiffs are informed and believe and upon that basis that Defendant R & F has breached the Collective Bargaining Agreement, Trust Agreements and NASI Guidelines by failing to submit monthly employer reports and contributions when due, failing to pay contributions, failing to submit report forms, and submitting employer reports without payment of the contributions for hours shown due on the reports, as follows:

A. <u>Breach of Contract with Respect to Contributions Owed to the Plaintiff NASI Funds</u>: R & F has failed to make contributions due to the Plaintiff NASI Funds on behalf of its employees for the months of October 2019 through December 2019. In addition, R & F has failed to submit report forms for these months. Pursuant to the terms of the Collective Bargaining Agreement, R & F is obligated to submit report forms and pay contributions owed to the Plaintiff NASI Funds.

Using report forms submitted for the last three (3) months for which reports were submitted, the projected delinquency to the Plaintiff NASI Funds for

the months of October through December 2019 is $45,678.28 calculated as follows:

| Month | Welfare | Pension | SIS | ITF | MT Welfare |
|---|---|---|---|---|---|
| July 2019 | $3,516.96 | $1,372.80 | $2,816.00 | $20.80 | $1,550.40 |
| Aug. 2019 | $6,569.67 | $3,016.20 | $4,816.30 | $49.70 | $1,931.90 |
| Sept. 2019 | $8,125.42 | $4,012.80 | $5,637.28 | $72.00 | $2,170.05 |
| Average Monthly Contributions: | $2,800.60 | $6,070.68 | $4,423.19 | $47.50 | $1,884.12 |

Defendant R & F's contributions owed to the Plaintiff NASI Funds on behalf of its sprinkler fitter employees for the months of August and September 2019 were paid late and its contributions owed on behalf of its sprinkler fitter employees for the months of October through December 2019 are late.

The Defendant R & F is obligated to the Plaintiff NASI Funds in the amount of $14,893.31 in liquidated damages assessed on late contributions for the months of August 2019 through December 2019, plus interest from the date of delinquency through the date of payment assessed at the rate of 12% or the highest rate provided by law, costs and attorneys' fees pursuant to the NASI Trust Agreements, Guidelines, and as provided for in 29 U.S.C. Section 1132(g).

Accordingly, Defendant R & F is liable to the NASI Funds for unpaid contributions in the amount of $45,678.28 and liquidated damages in the amount of $14,893.31, plus costs, interest and attorneys' fees.

B.   Breach of Contract with Respect to Contributions Owed to Plaintiff Apprentice Fund:  Defendant R & F has failed to make contributions due to the Plaintiff Apprentice Fund on behalf of its employees for the month of September 2019.  Pursuant to the remittance report submitted by the Defendant R & F to the Plaintiff Apprentice Fund, the Apprentice Fund has calculated that R & F owes

contributions in the amount of $1,080.00 for the month of September 2019.
Pursuant to the terms of the Collective Bargaining Agreement, R & F is obligated
to submit report forms and pay contributions owed to the Plaintiff Apprentice
Fund.

Defendant R & F has failed to make contributions due to the Plaintiff
Apprentice Fund on behalf of its employees for the months of October 2019 and
November 2019.  Pursuant to information gathered by the Fund Administrator, it
has been estimated that R & F owes contributions to Plaintiff Apprentice Fund in
the amount of $1,401.50 for these months.  Pursuant to the terms of the Collective
Bargaining Agreement, R & F is obligated to submit report forms and pay
contributions owed to the Plaintiff Apprentice Fund.

Defendant R & F's contributions owed to the Plaintiff Apprentice Fund
on behalf of its sprinkler fitter employees for the month of August 2019 was paid late
and R & F's contributions owed on behalf of its sprinkler fitter employees for the
months of September through November 2019 are late.

The Defendant R & F is obligated to the Plaintiff Apprentice Fund in
the amount of $605.39 in liquidated damages assessed on late contributions for the
months of August 2019 through November 2019, plus interest from the date of
delinquency through the date of payment assessed at the rate of 12% or the highest
rate provided by law, costs and attorneys' fees pursuant to the Apprentice Trust
Agreement and as provided for in 29 U.S.C. Section 1132(g).

Accordingly, Defendant R & F is liable to the Apprentice Fund for
contributions in the amount of $2,481.50 and liquidated damages in the amount of
$605.39, plus costs, interest and attorneys' fees.

C.     Breach of Contract with Respect to Contributions Owed to Plaintiff
Industry Promotion Fund. Defendant R & F has failed to make contributions due to
the Plaintiff Industry Promotion Fund on behalf of its employees for the months of
October through December 2019.  Pursuant to information gathered by the Fund

1  Administrator, it has been estimated that R & F owes contributions to Plaintiff
2  Industry Promotion Fund in the amount of $142.50 for the months of October 2019
3  through December 2019.  Pursuant to the terms of the Collective Bargaining
4  Agreement, R & F is obligated to submit report forms and pay contributions owed
5  to the Plaintiff Industry Promotion Fund.

6  Accordingly, Defendant R & F is liable to the Industry Promotion Fund
7  for contributions in the amount of $142.50, plus costs, interest and attorneys' fees.

8  D.  Breach of Contract with Respect to Contributions Owed to Plaintiff
9  PIPE. Defendant R & F has failed to make contributions due to the Plaintiff PIPE
10 on behalf of its employees for the month of September 2019.  Pursuant to the
11 remittance report submitted by the Defendant R & F to the Plaintiff PIPE,
12 Defendant R & F owes contributions in the amount of $249.30 for the month of
13 September 2019.  Pursuant to information gathered by the Fund Administrator, it
14 has been estimated that R & F owes contributions to Plaintiff PIPE in the amount
15 of $594.70 for the months of October 2019 through December 2019.  Pursuant to
16 the terms of the Collective Bargaining Agreement, R & F is obligated to submit
17 report forms and pay contributions owed to the Plaintiff PIPE.

18 The Defendant R & F is obligated to the Plaintiff PIPE in the amount
19 of $168.80 in liquidated damages assessed on late contributions for the months of
20 August 2019 through December 2019, plus interest from the date of delinquency
21 through the date of payment, costs and attorneys' fees pursuant to the PIPE Trust
22 Agreement.

23 Accordingly, Defendant R & F is liable to PIPE for contributions in the
24 amount of $844.00 and liquidated damages in the amount of $168.80, plus interest,
25 costs and attorneys' fees.

26 E.  Breach of Contract with Respect to Contributions Owed to Plaintiff
27 Vacation Fund. Defendant R & F has failed to make contributions due to the
28 Plaintiff Vacation Fund on behalf of its employees for the months of August 2019

and September 2019.  Pursuant to the remittance report submitted by the Defendant R & F to the Plaintiff NASI Funds, the Vacation Fund has calculated that R & F owes contributions in the amount of $3,917.55 for the month of August 2019. Pursuant to the remittance report submitted by the Defendant R & F to the Vacation Fund, the Vacation Fund has calculated that R & F owes contributions in the amount of $4,475.13 for the month of September 2019.  Pursuant to information gathered by the Fund Administrator, it has been estimated that R & F owes contributions to Plaintiff Vacation Fund in the amount of $10,655.08 for the months of October 2019 through December 2019.   Pursuant to the terms of the Collective Bargaining Agreement, R & F is obligated to submit report forms and pay contributions owed to the Plaintiff Vacation Fund.

Accordingly, Defendant R & F is liable to the Vacation Fund for contributions in the amount of $19,047.76 plus penalties, costs, and attorneys' fees.

28.    Despite demands from the Funds, Defendant R & F has failed to submit missing report forms and pay the amounts due, including any interest owed on delinquent contributions pursuant to the Trust Agreements.

29.    As a direct result of R & F's contractual violations, the Funds have suffered and continue to suffer damages for unpaid contributions, liquidated damages, penalties, interest, attorneys' fees and costs. The full extent of damages is not fully known as of the date of the filing of this Complaint and will be established in accordance with proof.

30.    By failing to pay the delinquencies owed to the Funds, R & F has violated and continues to violate the Collective Bargaining Agreement, Trust Agreements, and NASI Guidelines.

31.    Plaintiffs have complied with all conditions precedent, if any, to be performed under the terms of the Trust Agreements and NASI Guidelines and have fully performed their obligations under the Collective Bargaining Agreement.

1    32.    As a result of R & F's failure to properly submit and pay

2    contributions owed, it has been necessary for the Trust Funds to employ the law

3    firm of Wohlner Kaplon Cutler Halford & Rosenfeld to bring this action.

4    33.    Pursuant to the Trust Agreements, NASI Guidelines, and Collective

5    Bargaining Agreement, the Funds are entitled to the unpaid contributions, interest

6    on the unpaid contributions, liquidated damages, penalties and reasonable

7    attorneys' fees, costs of this action, and any other such legal or equitable relief as

8    the Court deems appropriate.

9                        **SECOND CLAIM FOR RELIEF**

10                              **Violation of ERISA**

11    34.    Plaintiffs incorporate by reference the allegations of paragraphs 1

12    through 33, inclusive, as though fully set forth herein.

13    35.    By failing to accurately report and pay contributions to the NASI

14    Funds, Apprentice Fund, Industry Promotion Fund, and Vacation Fund in

15    accordance with the NASI Trust Agreement, Apprentice Fund Trust Agreement,

16    Industry Promotion Fund Trust Agreement, NASI Guidelines and Collective

17    Bargaining Agreement, Defendant R & F has violated Section 515 of ERISA [29

18    U.S.C. § 1145]. In accordance with the terms of the NASI Trust Agreement,

19    Apprentice Fund Trust Agreement, Industry Promotion Fund Trust Agreement,

20    NASI Guidelines and Collective Bargaining Agreement, and pursuant to Sections

21    502(g)(2) and 515 of ERISA [29 U.S.C. §§1132(g)(2) and 1145], the NASI Funds,

22    Apprentice Fund, Industry Promotion Fund, and Vacation Fund are entitled to

23    payment of all contributions determined to be due, as well as liquidated damages,

24    penalties, interest, attorneys' fees, costs incurred in enforcing the terms of the

25    NASI Trust Agreement, Apprentice Fund Trust Agreement, Industry Promotion

26    Fund Trust Agreement, NASI Guidelines, and Collective Bargaining Agreement,

27    and such other legal and equitable relief as the Court deems appropriate.

28

## THIRD CLAIM FOR RELIEF

### Specific Performance

36.     Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 35 as if fully set forth herein, and allege a Third Claim for Relief against R & F for Specific Performance for Missing Trust Fund Reports as follows.

37.     The Collective Bargaining Agreement, Trust Agreements, and NASI Guidelines require the employer to promptly file written trust fund reports and to fully report and make contributions to the Funds for each hour of covered work at the rates specified in the Collective Bargaining Agreement for all of R & F's employees performing work covered under the terms of the Collective Bargaining Agreement.

38.     R & F has failed to submit reports and contributions to the Funds for the work months of October 2019 through December 2019.

39.     Plaintiffs have no adequate or speedy remedy at law, as Plaintiffs are unable to calculate the amount owing.

40.     In accordance with the terms of the Collective Bargaining Agreement, Trust Agreements, and NASI Guidelines and pursuant to Sections 502(g)(2)(E) and 515 of ERISA [29 U.S.C. §§1132(g)(2)(E) and 1145], Plaintiffs are entitled to and hereby demand that Defendant R & F submit employer reports to the Funds for the period of October 2019 to date, and pay all contributions, liquidated damages and interest due as shown on the employer reports.

## FOURTH CLAIM FOR RELIEF

### Breach of Settlement Agreement and Promissory Note

41.     Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 40 as if fully set forth herein, and allege a Fourth Claim for Relief against R & F and Individual Defendants for breach of settlement agreement and promissory note.

42.     The Defendant R & F experienced substantial difficulty in making the required benefit contributions owed to the Plaintiff Funds during the period of October 2015 through July 2019.  In response to these difficulties, on or about August 19, 2019, the Plaintiff Funds and the Defendant R & F entered into a Settlement Agreement and Promissory Note (hereinafter "settlement documents"), allowing for a systematic payment over time of all amounts owed to the Funds. These settlement documents required, inter alia, the payment of the principal amount of $215,333.99 by said Defendant to the Funds in monthly installment payments over a period of thirty-six months.  The settlement documents further provided that the Defendant R & F remain current in all future contributions to the Funds for the duration of the settlement and file all monthly report forms and payments on time as required by the Funds' Trust Agreements.  Liquidated damages in the amount of $84,067.00 were waived contingent upon the Defendant R & F making each and every one of the scheduled payments as they became due under this Agreement and contingent upon the Defendant remaining current in its monthly contributions to the Plaintiff Funds for the duration of the settlement.

43.     Plaintiffs are informed and believe and upon that basis allege that Individual Defendants Hayk Sukazi a/k/a Mike Sukazi, Alina Tovmasyan, Robert Dehnoushi, Stella Dehnoushi, Alfred Sarkisian and Gayane Khudaverdyan personally executed these settlement documents pursuant to which they committed themselves to act as personal guarantor for all amounts owed by the Defendant R&F to the Funds inclusive of future monthly contributions owed to the Funds for the duration of the settlement.

44.     The Defendant R & F has defaulted on the terms of the settlement documents by failing to remain current in its contributions to the Plaintiff Funds as set forth herein and on the chart attached hereto as Exhibit A.  Pursuant to the terms of the settlement documents, Defendant R&F is in default and the amount of $277,640.41 for contributions and reinstated liquidated damages currently owed

1   under the terms of the settlement documents is immediately due and payable to the

2   Plaintiff Funds.

3        45.    Pursuant to the terms of the settlement documents, the Individual

4   Defendants are jointly and severally liable for all amounts owed by the Defendant R

5   & F to the Plaintiff Funds.  Accordingly, the Individual Defendants are jointly and

6   personally liable for the amount of $277,640.41 for contributions and reinstated

7   liquidated damages currently owed under the terms of the settlement documents.

8        46.    Pursuant to the terms of the settlement documents, the Individual

9   Defendants are jointly and severally liable for all outstanding contributions, interest,

10  liquidated damages, penalties, attorneys fees, and costs resulting from the breach of

11  the settlement agreement, including R & F's failure to remain current in all future

12  contributions to the Funds and failure to timely file all monthly report forms during

13  the repayment period. Accordingly, the Individual Defendants are jointly and

14  personally liable for the total amount of $68,194.04 in unpaid contributions,

15  $15,667.50 in liquidated damages, interest, penalties, attorneys' fees, and costs

16  currently owed, and for payment of all additional contributions, liquidated damages,

17  penalties and interest due and owing pursuant to the reports for the period of

18  October 2019 to date, under the terms of the settlement documents.

19       WHEREFORE, Plaintiffs, BOARDS OF TRUSTEES OF THE

20  NATIONAL AUTOMATIC SPRINKLER INDUSTRY WELFARE FUND, THE

21  NATIONAL AUTOMATIC SPRINKLER INDUSTRY PENSION FUND, THE

22  SPRINKLER INDUSTRY SUPPLEMENTAL PENSION FUND, THE

23  INTERNATIONAL TRAINING FUND, THE NATIONAL AUTOMATIC

24  SPRINKLER INDUSTRY METAL TRADES WELFARE FUND, THE

25  NATIONAL FIRE SPRINKLER INDUSTRY PROMOTION FUND, THE

26  NATIONAL AUTOMATIC SPRINKLER INDUSTRY APPRENTICE AND

27  TRAINING FUND, THE PIPING INDUSTRY PROGRESS LABOR-

28  MANAGEMENT COOPERATION COMMITTEE, AND THE SPRINKLER

FITTERS LOCAL 709 VACATION FUND, pray for Judgment against Defendants R & F PLUMBING & FIRE PROTECTION, INC., a California corporation, HAYK SUKAZI aka MIKE SUKAZI, an individual, ALINA TOVMASYAN, an individual, ROBERT DEHNOUSHI, an individual, STELLA DEHNOUSHI, an individual, ALFRED SARKISIAN, an individual, and GAYANE KHUDAVERDYAN, an individual, as follows:

**ON THE FIRST AND SECOND CLAIMSFOR RELIEF**

**AS TO DEFENDANTS R & F PLUMBING & FIRE**

**PROTECTION, INC., A CALIFORNIA CORPORATION**

1.      For unpaid contributions for the months of August 2019 through December 2019 in the total amount of $68,194.04;

2.      For liquidated damages in the total amount of $15,667.50 assessed on all unpaid and late paid contributions as alleged herein;

3.      For penalties on all unpaid contributions owed to the Vacation Fund as alleged herein, in a sum according to proof;

4.      For prejudgment interest on unpaid contributions owed to NASI Funds, Apprentice Fund, Industry Promotion Fund, and PIPE from the dates contributions became due until paid, in a sum according to proof;

5.      For further contributions in a sum according to proof;

**ON THE THIRD CLAIM FOR RELIEF**

**AS TO DEFENDANTS R & F PLUMBING & FIRE**

**PROTECTION, INC., A CALIFORNIA CORPORATION**

6.      For an order compelling Defendant R & F to submit employer reports to the Trust Funds for the period of October 2019 to date, and pay all contributions, liquidated damages and interest due as shown on the employer reports;

7.      For payment of all additional contributions, liquidated damages and interest due and owing pursuant to the reports for the period of October 2019 to

-17-

COMPLAINT

date;

## ON THE FOURTH CLAIM FOR RELIEF
## AS TO DEFENDANTS R & F PLUMBING & FIRE
## PROTECTION, INC., A CALIFORNIA CORPORATION,
## HAYK SUKAZI AKA MIKE SUKAZI, AN INDIVIDUAL
## ALINA TOVMASYAN, AN INDIVIDUAL, ROBERT
## DEHNOUSHI, AN INDIVIDUAL, STELLA DEHNOUSHI,
## AN INDIVIDUAL, ALFRED SARKISIAN, AN INDIVIDUAL, AND
## GAYANE KHUDAVERDYAN, AN INDIVIDUAL

8.     For payment of $277,630.41 as currently owed under the terms of the settlement documents;

9.     For unpaid contributions for the months of August 2019 through December 2019 in the total amount of $68,194.04;

10.    For liquidated damages in the total amount of $15,667.50 assessed on all unpaid and late paid contributions as alleged herein;

11.    For penalties on all unpaid contributions to the Vacation Fund as alleged herein, in a sum according to proof;

12.    For prejudgment interest on unpaid contributions owed to NASI Funds, Apprentice Fund, Industry Promotion Fund, and PIPE from the dates contributions became due until paid, in a sum according to proof;

13.    For further contributions in a sum according to proof;

14.    For an order compelling Defendant R & F to submit employer reports to the Trust Funds for the period of October 2019 to date, and pay all contributions, liquidated damages and interest due as shown on the employer reports.

15.    For payment of all additional contributions, liquidated damages and interest due and owing pursuant to the reports for the period of October 2019 to date;

1

## ON ALL CLAIMS FOR RELIEF

2      16.    For reasonable attorneys' fees;

3      17.    For costs of suit incurred herein; and

4      18.    For such other and further relief as the Court deems appropriate.

5 DATED:    February 11, 2020      Jeffrey L. Cutler
6                            Elizabeth Rosenfeld
                              Marie J. Skinner
7                            **WOHLNER KAPLON CUTLER**
                           **HALFORD & ROSENFELD**

8

9                    By:   /s/ Marie J. Skinner
10                            Marie J. Skinner
                           Attorneys for Plaintiffs BOARDS OF
11                            TRUSTEES OF THE NATIONAL
                           AUTOMATIC SPRINKLER INDUSTRY
12                            WELFARE FUND, THE NATIONAL
                           AUTOMATIC SPRINKLER INDUSTRY
13                            PENSION FUND, THE SPRINKLER
                           INDUSTRY SUPPLEMENTAL PENSION
14                            FUND, THE INTERNATIONAL
                           TRAINING FUND, THE NATIONAL
15                            AUTOMATIC SPRINKLER INDUSTRY
                           METAL TRADES WELFARE FUND,
16                            THE NATIONAL FIRE SPRINKLER
                           INDUSTRY PROMOTION FUND, THE
17                            NATIONAL AUTOMATIC SPRINKLER
                           INDUSTRY APPRENTICE AND
18                            TRAINING FUND, THE PIPING
                           INDUSTRY PROGRESS LABOR-
19                            MANAGEMENT COOPERATION
                           COMMITTEE, AND THE SPRINKLER
20                            FITTERS LOCAL 709 VACATION FUND

21

22

23

24

25

26

27

28